### FOWLER v. HOLMES.

*(City Court of Brooklyn, General Term. January 28, 1889.)*

MASTER AND SERVANT—ASSAULT BY SERVANT—PROOF OF RELATION.

Plaintiff applied to W , who was collecting tickets at defendant's theater and exchanging tickets for such as desired it, to exchange the ticket held by him. W. told him to get in line, and take his turn, which plaintiff refused to do. Some words then passed, resulting in the assault complained of by W. on plaintiff. *Held*, sufficient evidence on which to submit to the jury the question as to whether W. was defendant's servant, and the assault was made while acting within the scope of his employment.

Appeal from trial term.

Action by Charles W Fowler against John W. Holmes for an assault and battery on plaintiff by one alleged to have been a servant of defendant. Judg- ment was entered on a verdict for plaintiff, and defendant appeals.

*William M. Benedict*, for appellant. *John A. Anderson*, for respondent.

VAN WYCK, J. The question presented on this appeal is whether Wynnett was the servant of defendant, and, while engaged in his master's business, and acting within the scope of his employment, assaulted the plaintiff. There is testimony tending to show that defendant was proprietor of the theater in this city known as the "Standard Museum," and was personally in charge of the same on the night in question; and that he employed a traveling theatrical troupe to play for him, paying them therefor one-half the gross receipts; and that Wynnett, one of this company, was collecting the tickets for the proprie- tor, and attending to those who wanted to exchange seat-tickets for other seat- tickets; and that, while so engaged, this Wynnett was approached by plaintiff with a request to exchange the tickets for himself and his wife for tickets for other seats; and that Wynnett ordered plaintiff to get in line, and take his turn, and that his refusal to do so resulted in some words, and thereon an as- sault by Wynnett upon plaintiff. We think there was sufficient evidence to submit this question to the jury, and that a nonsuit was properly denied. *Rounds* v. *Railroad Co.*, 64 N. Y. 129. The defendant also claims that the verdict in favor of plaintiff was against the weight of evidence. Technically speaking, perhaps, this question is not before us, for no motion for new trial on that ground was made. Assuming that it is regularly before us, we see no reason on the evidence to disturb the verdict on that ground. This covers the only question raised by appellant's points. In our opinion the judgment and order appealed from should be affirmed, with costs. All concur.